# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IMO INVESTMENT S.E., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Civil No. 16-3150 (SEC) |

## OPINION AND ORDER

The plaintiffs—one prisoner and five non-prisoners—filed this action *in forma pauperis*. The Court dismisses the complaint as frivolous after an initial screening pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B).

### I.   Factual and Procedural Background

Israel Santiago-Lugo was convicted in 1996 of engaging in a continuing criminal enterprise—the distribution of narcotics throughout Northern Puerto Rico over a seven-year period—in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848, for which he received a life sentence. He was also convicted of an additional forty-one counts, for which he received concurrent ten-year sentences as to each count, and two counts of forfeiture under 18 U.S.C. § 982 and 21 U.S.C. § 853.

Santiago-Lugo has challenged his convictions a number of times, in different courts, to no avail. See e.g. Santiago-Lugo v. United States, 559 U.S. 1002 (2010) (denying leave to proceed *in forma pauperis*, dismissing petition for writ of certiorari,

and directing Clerk not to accept any further petitions in non-criminal matters from petitioner unless docketing fee paid, due to repeated abuse of the Supreme Court's process); <u>Santiago–Lugo v. Warden, FCC Coleman–USP–1</u>, 392 Fed. Appx. 675 (11th Cir. Aug. 4, 2010) (affirming denial of Rule 60(b) motion for relief from summary denial of § 2241); <u>Santiago–Lugo v. Tapia</u>, 188 Fed. Appx. 296 (5th Cir. July 12, 2006) (dismissing § 2241 petition purportedly filed pursuant to "savings clause" of 28 U.S.C. § 2255); <u>United States v. Santiago–Lugo</u>, 167 F.3d 81 (1st Cir. 1999) (affirming convictions on direct appeal); <u>Santiago–Lugo v. United States</u>, 2011 WL 1979858 (D.P.R. May 20, 2011) (denying petition for "writ of error *coram nobis* or, in the alternative, a writ of *audita querela*" as a successive § 2255 motion for which petitioner had not obtained permission from the First Circuit Court of Appeals); <u>Santiago–Lugo v. United States</u>, 2009 WL 2513605 (D.P.R. Aug. 13, 2009) (denying certificate of appealability from a denial of a successive § 2255 motion because petitioner had not obtained permission from First Circuit Court of Appeals); <u>Santiago–Lugo v. United States</u>, 135 F. Supp. 2d 142 (D.P.R.2001) (denying motion to reconsider denial of § 2255 motion).

More recently, in 2015, the Honorable Judge Fusté noted that since Santiago-Lugo's conviction and sentencing, he has filed numerous frivolous "direct and collateral attacks and challenges to the disposition of his criminal conviction." <u>Santiago-Lugo v. U.S.</u>, 94 F. Supp. 3d 156, 158 (D.P.R. 2015) (collecting cases filed by Santiago-Lugo and stating that "[t]here comes a point in time where frivolous collateral litigation must stop"). Using its "discretionary powers to regulate the conduct of abusive litigants," <u>id.</u> (quoting <u>Cok v. Fam. Ct. of R.I.</u>, 985 F.2d 32, 34 (1st Cir. 1993)), Judge Fusté enjoined Santiago-Lugo from filing new law suits unless he complied with the following order:

> 1. He must submit to the Clerk of Court his proposed filing, be it a motion, pleading or other filing, and he must attach a copy of this Order to it as an exhibit.

> 2. As a second exhibit to any such proposed filing, he also shall attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which he has not previously raised in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a third exhibit, he shall identify and list: (a) the full caption of each and every suit which he previously filed or which was filed on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he currently has pending.
>
> 4. As a fourth exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.
>
> If Petitioner fails to comply with the terms of this Order, the Clerk of Court shall refuse to file the proposed filing. Santiago–Lugo's failure to comply with the terms of this Order may be considered an act of contempt for which he may be punished accordingly.

Santiago-Lugo, 94 F. Supp. 3d at 158; see also Gordon v. U.S. Dept. of Justice, 558 F.2d 618, 618 (1st Cir. 1977) ("The law is well established that it is proper and necessary for an injunction to issue barring a party, such as appellant, from filing and processing frivolous and vexatious lawsuits").

Once again, Santiago-Lugo impermissibly mounts a collateral attack on his conviction through a civil suit. Because he failed to comply with Judge Fuste's order, his claims should be dismissed at the outset. But that would not end the matter because this time he did not file alone. Santiago-Lugo is joined by five additional plaintiffs: three of his sons; Celenia Reyes-Padilla (convicted of similar charges by the same jury that convicted Santiago-Lugo); and IMO Investment S.E. (Santiago-Lugo's inactive corporation which appeared as a claimant in civil forfeiture proceedings that were ultimately dismissed after the properties object of the dispute were criminally forfeited).[1]

---

[1] See USA v. One Rural Lot #11, et al., Civ. No. 93-1955, at ECF Nos. 152 & 154.

Plaintiffs filed the complaint against every person and entity remotely involved in Santiago-Lugo's and Reyes-Padilla's arrest, prosecution, sentencing, appeal, and post-conviction petitions, and those involved in the forfeiture proceedings. These include agents from the DEA, IRS, U.S. Marshalls, and the Bureau of Prisons; federal judges, prosecutors, public defenders, and probation officers; Puerto Rico police officers and prosecutors; previous creditors of Santiago-Lugo regarding the forfeited properties; and his own defense attorneys. Federal jurisdiction is purportedly grounded under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b) (FTCA), the cause of action recognized by the Supreme Court in Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.

Given the frivolous nature and length of the complaint—Plaintiffs named one hundred and ten (110) defendants in a complaint that spans forty-nine (49) pages with three-hundred and thirty-two (332) paragraphs—the Court will not waste judicial resources providing a detailed summary of the allegations contained therein. A few examples suffice to provide the necessary context and jettison all of Plaintiffs' claims.

In essence, Santiago-Lugo and Reyes-Padilla claim false arrest and imprisonment, and unlawful deprivation of property as a result of the defendants' alleged willful and negligent conduct. Plaintiffs posit, for example, that federal and state law enforcement agents lied during the investigation that led to their arrest and the seizure of their property in violation of their constitutional rights. They also claim that the federal prosecutors colluded with the defense attorneys to secure their conviction. The federal judges from the District of Puerto Rico and the First Circuit Court of Appeals, Plaintiffs allege, are liable in their individual and official capacity for affirming Plaintiffs' convictions and denying Santiago-Lugo's successive petitions for post-conviction relief. Furthermore, according to Plaintiffs, the Assistant United States Attorneys that opposed Santiago-Lugo's post-conviction petitions are also liable.

The Court dismisses *sua sponte* all of Plaintiffs' claims as frivolous. First, Santiago-Lugo's and Reyes-Padilla's claims are wholly foreclosed by the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477 (1994). Also, because the claims of his sons and of IMO Investments, S.E. are derivative of Santiago-Lugo's, they share the same fate.

## II.  Standard of Review

When, as here, a prisoner like Santiago-Lugo "seeks redress from a governmental entity or officer or employee of a governmental entity," a court must screen and dismiss a complaint if it finds that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The same is true for prisoners and non-prisoners who proceed *in forma pauperis*, regardless of whether the claims are against the government. See 28 U.S.C. § 1915(e)(2)(B); Street v. Fair, 918 F.2d 269, 272–73 (1st Cir. 1990) (an opportunity to be heard need not accompany *sua sponte* dismissals for frivolousness under § 1915); Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status").

A complaint that fails to state a claims, is not, for that reason alone, automatically frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Street, 918 F.2d at 272–73. That is, should the complaint consist of "either 'inarguable' legal conclusions or 'fanciful' factual allegations," id., the same must be dismissed as frivolous. For example, claims in "which it is clear that the defendants are immune from suit" and "claims describing fantastic or delusional scenarios" are clearly frivolous. Id. (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

### III. Applicable Law and Analysis

In Heck, the Supreme Court held that a plaintiff cannot bring a § 1983 action that "would necessarily imply the invalidity of his conviction or sentence," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 484. "The holding in Heck bars such actions, whether brought under Bivens or the FTCA." Bradshaw v. Jayaraman, 205 F.3d 1339 (6th Cir. 1999) (unpublished), 1999 WL 1206870, at *2; Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008) (dismissing an appeal as frivolous under 28 U.S.C. § 1915 holding that "Heck's bar cannot be circumvented by substituting a supposed RICO action for the earlier Bivens claims ineffectually designed for the same purpose").

In the instant case, Heck bars all of Plaintiff's claims because the success on any of them would necessarily imply the invalidity of Santiago-Lugo's and Reyes-Padilla's convictions, and the invalidity of the Special Forfeiture Verdict. See e.g. McGee v. United States, Civ. No. 08-154, 2009 WL 909589, at *4 (W.D. Mich. Mar. 31, 2009) (explaining that Heck bars challenges to criminal forfeiture conviction even if it does not bar challenges to civil forfeiture judgments); Campbell v. Putnam, 38 F. App'x 298, 300 (6th Cir. 2002) (barring the plaintiff's civil rights' suit—including a claim for the return of funds object of a forfeiture action—as it would imply the invalidity of his conviction). This is also true for the derivative claims brought by Santiago-Lugo's sons and IMO Investment, S.E. See e.g. Ehlers v. United States Navy, 2016 WL 1592478, at *3 (D. Minn. 2016) ("The exact same logic compelling dismissal of Edwin's Heck-barred claims will apply to Angela's derivative loss-of-consortium claim; Angela cannot succeed on that claim because it necessarily implies the invalidity of Edwin's conviction.")

Moreover, Plaintiffs' claims are clearly frivolous. Not only because they are barred by Heck, see Parra v. State of N.H., 40 F.3d 1235 (1st Cir. 1994) ("Parra's remaining § 1983 claims are foreclosed by Heck and are therefore frivolous"),[2] but also because they are asserting claims against government officials that are immune from suit such as the federal judges and prosecutors who participated in Plaintiffs' criminal proceedings. 28 U.S.C. §§ 1915A & 1915(e)(2)(B). On the other hand, their complaint consists of "inarguable legal conclusions" and "fanciful factual allegations." Also, Plaintiffs failed to exhaust administrative remedies for their purported FTCA claim, Velez-Diaz v. United States, 507 F.3d 717, 718 (1st Cir. 2007) ("Under the FTCA, a court suit filed before exhaustion does not ripen but is barred"), and their claims regarding the forfeited properties are time-barred. See Santiago-Lugo v. United States, 538 F.3d 23, 24 (1st Cir. 2008).

Finally, the Court notes that this is at least the third time that an action or appeal filed by Santiago-Lugo has been dismissed as frivolous. See Santiago-Lugo v. Tapia, 188 Fed. Appx. 296, 298, (5th Cir. 2006) ("the appeal from the denial of rule 60(b) is frivolous"); Santiago-Lugo, 94 F. Supp. 3d at 158 (denying a motion for leave to appeal in *forma pauperis* noting that "[c]learly, Santiago-Lugo's appeal [was] frivolous…Over and over again, [Santiago-Lugo] attempts to relitigate issues that have already been decided not only by this court, but by the appellate court as well"). This being his third strike, Santiago-Lugo forever barred from filing an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[2] See also Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008); Grady v. Aud, 92 F.3d 1189 (8th Cir. 1996) (unpublished table disposition) (affirming dismissal of action as frivolous pursuant to Heck); Rodriguez v. Salus, 623 Fed. Appx. 588, 589–90 (3d Cir. 2015) (per curiam) (same); Jefferson v. Longino, 558 Fed. Appx. 414 (5th Cir. 2014) (same).

## IV. Conclusion

All of Plaintiffs' claims are dismissed as frivolous. The Clerk of the Court shall not docket any further action brought by Santiago-Lugo or any suit in which Santiago-Lugo appears as a plaintiff unless the filing fee is prepaid in its entirety, or the complaint contains an affidavit attached that states specific facts showing that he is under imminent danger of serious physical injury.

**IT IS ORDERED.**

In San Juan, Puerto Rico, this 13th day of March, 2018.

*s/Daniel R. Domínguez*
Daniel R. Domínguez
U.S. Senior District Judge